IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAM KING-IVOR                               *

Plaintiff                                   *

v                                           *      Civil Action No.  PX-18-3203

DEPT. OF PUBLIC SAFETY &                    *
  CORRECTIONAL SERVICES,
STEPHEN T. MOYER,                           *
TINA M. GERAGHTY,
LAURETTE E. PECK,                           *
MEGAN KYLE,
WARDEN FRANK BISHOP,                        *
DAVID BLUMBERG,
                                            *
Defendants
                                          ***

**MEMORANDUM OPINION**

This civil rights complaint was filed on October 15, 2018, together with a Motion to Proceed in Forma Pauperis.  Because the Plaintiff appears indigent, the motion to proceed in forma pauperis shall be granted.  For the reasons that follow, the complaint must be dismissed.

Plaintiff asserts that that Defendants have incorrectly construed his sentences as imposed consecutively based on the sentencing court's pronouncement that: "the sentences then are two consecutive life sentences, plus 50 years consecutive to those life sentences, all to date from September 16, 1981." ECF No. 1 at p. 3.  Plaintiff maintains that this pronouncement means that all three sentences had begun to run on September 16, 1981, and that the Defendants' failure to run the sentences concurrently has resulted in a miscalculation of his parole eligibility date. Under Plaintiff's calculation, he should have been eligible for parole in 1992, when Maryland prisoners serving life sentences were more likely to be paroled and had greater access to programs such as work-release and family leave.  *Id*.  Because the Department of Public Safety

and Correctional Services (DPSCS) construed Plaintiff's sentences to be a consecutive term of confinement of two life sentences plus 50 years, only the first of which began on September 16, 1981, Plaintiff was not considered for release on parole until January 7, 2015. *Id*. at p. 4. As a result, Plaintiff claims violation of his due process rights under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and unspecified provisions of the Maryland Constitution. Plaintiff also asserts the common law claim of intentional infliction of emotional distress. *Id*.

As Plaintiff notes, he previously filed a Petition for Writ of Habeas Corpus with this Court in which he raised substantially similar claims regarding the construction of his term of confinement. *See King-Ivor v. DPSCS*, Civil Action No. PX-17-3103 (D. Md.). That petition was dismissed on July 23, 2018. The Court determined that Plaintiff's claims rested solely on matters of Maryland state law and did not implicate a federal constitutional question; that no protected liberty interest attached to the failure to provide a timely parole consideration hearing; and no equal protection claim could be sustained.

The Plaintiff's new claims do not fare any better because, at base, they do not implicate a constitutional deprivation. It bears repeating that no constitutional or inherent right exists for a "convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979), *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (valid conviction constitutionally deprives criminal defendant of liberty). This analysis has been applied in the context of Maryland parole decisions. *McLaughlin-Cox v. Md. Parole Com'n*, 24 A.3d 235, 237-8 (Md. App. 2011) (both the Fifth and Fourteenth Amendment require a legally cognizable liberty interest, not present with parole consideration, before due process protections are mandated), *Lomax v. Warden, Md.*

*Corr. Training Ctr*, 707 A.2d 395, 401 (Md. App. 1998) (inmate serving life sentence did not have protected liberty interest in meaningful parole consideration). Thus, even assuming that Plaintiff is correct, and his "consecutive" sentences should have started on the same date, he has still not stated a claim based on the delay in his parole consideration. Further, he has not been denied due process because he was not considered or placed into programs such as work-release. *See Meachum,* 427 U.S. at 224 , *see also Sandin v. Conner,* 515 U.S. 472, 493 (1995), (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest).

Nor has Plaintiff stated a sufficient cause of action for intentional infliction of emotional distress. Putting to the side questions of immunity against suit, the claim as stated does not aver conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Batson v. Schiflett*, 325 Md. 684, 733–34 (1992). (quoting *Harris v. Jones*, 281 Md. 560, 567 (1977)). King-Ivor does not dispute that the life sentences and fifty year sentence were validly imposed; he rather takes issue with when he should first have been considered for parole. The claim thus fails.

A separate Order dismissing the complaint for failure to state a claim follows. A dismissal for failure to state a claim qualifies as a dismissal under 28 U.S.C. §1915(g), which provides that a prisoner litigant will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

danger of serious physical injury." The Clerk will be directed to mark this dismissal as a "strike" against Plaintiff's allotted three occasions.

| 10/19/18 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |